[Cite as *Cleveland Fire Fighters Assn. v. Cleveland*, 2022-Ohio-4329.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| ASSOCIATION OF CLEVELAND FIRE FIGHTERS, LOCAL 93 OF THE INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS | Case No. 2022-00057PQ |
| | Judge Patrick E. Sheeran |
| Requester | JUDGMENT ENTRY |
| v. | |
| CITY OF CLEVELAND, OHIO, C/O LAW DEPARTMENT | |
| Respondent | |

{¶1} On February 1, 2022, Requester brought a Complaint against Respondent arising from the City of Cleveland's alleged failure to timely provide public records in response to Requester's counsel's requests of November 5, 2021.[1] While the matter was before a Special Master, Respondent moved to dismiss Requester's action as moot.

---

[1] In correspondence dated November 5, 2021, attorney Mark V. Guidetti stated:

It has come to the attention of Local 93 that the City, through the Safety Medical Unit/Concentra, has recently required physical examinations to be conducted as to members of the City Division of Fire's HazMat Unit. Please advise as soon as possible as to:

- Whether the City is instituting or has instituted a policy requiring all members of the HazMat Unit to undergo physical examinations;

- If so, when that decision was made;

- If so, how that decision was made and who was involved in that decision-making process;

- If so, what is that policy (please forward a copy of said policy, if one exists);

- The nature of the physical examination – what exactly would be "tested" – medical conditions, physical agility, etc.;

- What is the standard being utilized during such examinations;

{¶2} On October 13, 2022, the Special Master issued a Report and Recommendation (R&R). The Special Master concludes in the Report and Recommendation:

> Upon consideration of the pleadings, attachments, and the record filed under seal, the special master recommends the court grant respondent's motion to dismiss the claims for production of records based on Bullet Points 1-3 and 5-8. The Special Master further recommends the court find that requester fails to prove that any record exists that is responsive to Bullet Point 4. The Special Master further recommends the court order respondent to disclose all records responsive to Bullet Point 9 that notify respondent of employees' fitness for duty, and to disclose an unredacted copy of the 2020 Concentra examination price sheet. The Special Master further recommends that the court find respondent failed to provide copies of records within a reasonable period of time in violation of R.C. 149.43(B)(1). It is recommended costs be assessed to respondent.

(R&R, 18.)

{¶3} Neither party has timely objected to the Special Master's Report and Recommendation, as permitted by R.C. 2743.75(F)(2). Pursuant to R.C. 2743.75(F)(2), if neither party timely objects to a special master's report and recommendation, then this Court is required to "promptly issue a final order adopting the report and recommendation, unless it determines that there is an error of law or other defect evident on the face of the report and recommendation."

{¶4} Upon review, the Court determines that there is no error of law or other defect evident on the face of the Report and Recommendation. The Court therefore adopts the Report and Recommendation in accordance with R.C. 2743.75(F)(2). The Court makes

---

- How the results of the examination may be used by the City;

- Who at the City will have access to results of such examination; and

- Any records of prior implementation of the City administering such examinations to the HazMat Unit.

the following findings and issues the following orders, as recommended by the Special Master:

1) Respondent's motion to dismiss claims for production of records is GRANTED, in part, based on Bullet Points 1-3 and 5-8;

2) The Court finds that Requester has failed to prove that any record exists that is responsive to Bullet Point 4;

3) The Court ORDERS Respondent to forthwith disclose all records responsive to Bullet Point 9 that notify Respondent of employees' fitness for duty, and to disclose an unredacted copy of the 2020 Concentra examination price sheet; and

4) The Court finds that Respondent failed to provide copies of records within a reasonable period of time in violation of R.C. 149.43(B)(1).

Because Respondent has denied Requester access to public records in violation of R.C. 149.43(B), Requester is entitled to recover from Respondent the amount of the filing fee of twenty-five dollars and any other costs associated with the action that are incurred by Requester, excepting attorney fees. Court costs are assessed to Respondent. The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
PATRICK E. SHEERAN
Judge

**Filed November 29, 2022**
**Sent to S.C. Reporter 12/5/22**